# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-3943

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas |
| Jeannie Lynn Williams, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 7, 1998

Filed: October 20, 1998

_____

Before McMILLIAN, HEANEY, and BEAM, Circuit Judges.

_____

PER CURIAM.

Jeannie Lynn Williams appeals from the final judgment entered in the District Court[1] for the Eastern District of Arkansas upon her guilty plea to bank fraud, in violation of 18 U.S.C. § 1344. The district court sentenced Williams to 6 months imprisonment, 3 years of supervised release, restitution of $2,147, and a special assessment of $100. For reversal, in a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967), Williams's counsel challenges the inclusion of uncounseled,

_____

[1]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

misdemeanor convictions in the calculation of Williams's criminal history score. For the reasons discussed below, we affirm the judgment of the district court.

At sentencing, Williams did not dispute that, according to the presentence report (PSR), she had seven prior misdemeanor theft-of-property convictions for writing "hot checks" on closed accounts, four of the seven convictions were uncounseled, and she received no term of imprisonment for any of her uncounseled convictions. In accordance with the PSR, the district court concluded, as relevant, Williams had a Category III criminal history, see U.S.S.G. § 4A1.1(c), and a total offense level of 5, yielding a Guidelines imprisonment range of 1-7 months.

In Nichols v. United States, 511 U.S. 738 (1994), the Supreme Court reaffirmed its holding in Scott v. Illinois, 440 U.S. 367, 372-74 (1979), that where no sentence of imprisonment was imposed, a defendant charged with a misdemeanor had no constitutional right to counsel. The Nichols court held "that an uncounseled misdemeanor conviction, valid under Scott because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." 511 U.S. at 748-49. We therefore agree with the district court that Williams's uncounseled misdemeanor convictions, none of which resulted in sentences of imprisonment, could be used in calculating her criminal history.

Having reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), and having found no nonfrivolous issues, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-